BEER, Judge.
Plaintiff-appellant, James Graves (hereafter, Graves) was employed by defendant-appellee, Kaiser Aluminum and Chemical Corporation (hereafter, Kaiser) as an aluminum production worker. He sustained injury to his left knee on April 19, 1972 while temporarily serving as an overhead crane operator trainee.
Other issues in connection with this case have been before us previously but here our review is limited to two issues: (1) was the trial judge correct in finding that Graves was disabled only until the date of his medical discharge on June 1, 1973 and (2) was the trial judge correct in denying penalties and attorney’s fees with respect to non-payment of compensation under the somewhat unusual conditions existent in this case. We conclude that the trial court’s judgment in both respects is not manifestly in error and affirm.
We are in agreement with the trial court’s determination that Graves did sustain a left knee injury in the course and scope of his employment which resulted in the need for surgical intervention. We are (as was the trial court), impressed by the fact that on June 1, 1973 Graves was discharged by Dr. Rozas, his treating orthopedist, as capable of returning to his position at Kaiser. Dr. Rozas concluded that as a result of the healed surgical intervention, Graves would experience approximately eight percent loss of function of the left leg, primarily as a result of a minor loss of extreme flexion of the knee. His anatomical impairment (if any) was described as restriction in his ability to squat (like a baseball catcher) with the left leg in the extreme flexed position for long periods of time. On this important point we adopt the trial court’s findings and conclusions:
“Dr. Rozas advised that plaintiff made an excellent recovery from the surgery. He further advised, and the Court accepts and finds as a fact, that plaintiff recovered to the extent that he lacked only approximately 5 degrees to 10 degrees of full flexion in the left knee and that he otherwise had no residual impairment from the injury and corrective surgery. The Court accepts Dr. Rozas’ estimate that plaintiff has approximately an 8 percent partial loss of physical function in the left knee as a consequence of the 5 degrees to 10 degrees loss of full flexion. The Court accepts and finds as a fact that Dr. Rozas is correct in his medical discharge of plaintiff on June 1, 1973 with the advice that plaintiff could pursue any type of work and activity he might desire.”
Then, turning to the effect of this finding, the trial court observed as follows:
“The primary question and issue is whether, in view of the 5 percent loss of function of plaintiff’s left knee resulting from the S degrees to 10 degrees loss of flexion, plaintiff is unable to perform the duties of his employment by defendant as a spare anode aluminum production worker and as a crane operator trainee. On the basis of the job description of plaintiff’s work, the medical evidence, and the Court’s opportunity to personally view, observe and evaluate the plaintiff, the Court is of the opinion and finds as a fact that plaintiff was able to return to the full duties of his employment as of June 1, 1973, the date on which he was discharged by Dr. Ro-zas. In making this finding of fact the Court has fully considered all of the evidence, medical and lay. The Court is of the opinion and finds as a fact that plaintiff willfully has attempted to exag *613 gerate the residual effects of the injury of which he complains and for that reason the Court was distinctly unimpressed with the credibility and veracity of the plaintiff and his supporting lay witnesses, his wife and mother. The Court is further of the opinion that plaintiff’s failure to 8661# medical attention of any kind since his discharge by Dr. Rozas on June 1, 1973 is totally inconsistent with his current contention that he has remained disabled since that date. Plaintiff has recovered and is physically able to work. His refusal to seek employment of any kind is obviously motivated by factors other than this occupational accident.”
We find no reason to reject these conclusions.
Turning to the question of penalties and attorney’s fees, we are both impressed and influenced by the trial court’s painstaking effort to fully review the evidence concerning this issue. Thus, we feel compelled to accept the trial court’s observations to the following effect:
“The Court further finds as a fact that plaintiff made no effort to advise defendant of his treatment by Dr. Rozas until well after suit was filed. The Court considers that plaintiff acted improperly and not within the spirit of the Louisiana Workmen’s Compensation Law in failing to advise his employer of Dr. Rozas’ treatment, surgery and hospitalization.
“The Court finds as a fact that the defendant at all times acted in good faith in its employment relationship with plaintiff, fn seeking to promote him to the position of crane operator and in attempting to provide him with medical examinations and treatment following his accident. The only arbitrary action which occurred was that on the part of plaintiff in withholding medical information, refusing cooperation and denying defendant’s requests for medical examinations. Accordingly, penalties and attorney’s fees are totally inappropriate and will be denied.”
The court granted workmen’s compensation payments of $49 per week for a total of 58 % weeks as well as medical expenses in the total amount of $1,049.90. Apparently one small medical bill was overlooked when the judgment was computed and later paid, but in oral argument counsel for both parties indicated that this bill would be administratively handled without the need for us to deal with it in this opinion.
Accordingly, the judgment of the district court is, in all respects, affirmed at appellant’s cost.

Affirmed.